**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | |
|---|---|
| IN RE: ) | |
| ) | **Chapter 7** |
| JOE EDWARD VANHOOZIER, JR. and ) | |
| JENNIFER LYNN VANHOOZIER, ) | |
| ) | **Case No. 17-70673** |
| Debtors. ) | |

| | |
|---|---|
| JOE EDWARD VANHOOZIER, JR. ) | |
| ) | **Adversary Proceeding No. 17-07045** |
| Plaintiff ) | |
| v. ) | |
| ) | |
| GMS MINE REPAIR AND MAINTENANCE, ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

This matter comes before the Court upon the Complaint to Recover Funds and Impose Sanctions filed by the Debtor, Joe Edward Vanhoozier, Jr.[1] (the "Plaintiff"), an employee of the Defendant, GMS Mine Repair and Maintenance ("GMS"). The Complaint seeks judgment against GMS in the amount of $1,399.65 as compensation for "converted wages," plus a sanction for its actions and as compensation for attorney's fees and costs incurred of $4,975.00 for violations of the automatic stay of 11 U.S.C. § 362. No response was filed to the Complaint and the Clerk of this Court entered an Entry of Default on March 6, 2018. A hearing was held on June 7, 2018 on the issue of sanctions and attorney's fees at which time the Court heard witness testimony and argument from Plaintiff's counsel and took the matter under advisement. The

---

[1] The petition as initially filed by Debtors' counsel listed the Debtors' last name as Vanhoozer. At the hearing on June 7, 2018, counsel for the Debtors indicated that the Debtors' last name was misspelled on the petition and made an oral motion to amend the spelling of the Plaintiff's name. The Court instructed counsel for the Debtors to file an amended petition and to give notice to all creditors of the correct spelling of the Debtors' name. On June 8, 2018, counsel for the Debtors filed an amended petition page changing the Debtors' last name to Vanhoozier and adding the suffix "Jr." to the male Debtors' name. To date, no certificate of service has been filed confirming that creditors have received notice of such correction.

Court having reviewed and considered the record makes the following findings of fact and conclusions of law.

## FACTUAL AND PROCEDURAL BACKGROUND

Joe Edward Vanhoozier, Jr. and Jennifer Lynn Vanhoozier (the "Debtors"), by counsel, filed a voluntary Chapter 7 petition in this Court on May 18, 2017 at which time the automatic stay of 11 U.S.C. §362(a) went into effect. A motion to quash garnishment was filed the next day, on May 19, 2017, against Wellmont Health System ("Wellmont"), which apparently had a judgment against the Plaintiff. ECF No. 8. An order to quash the garnishment was entered by this Court on May 22, 2017. ECF No. 11. That order was sent to Wellmont and to the Plaintiff's employer, GMS. A total of $1,399.65 was withheld from the Plaintiff's wages by GMS. The funds were claimed as exempt on the Plaintiff's Schedule C and his homestead deed, which was timely recorded in the Circuit Court of Tazewell County, Virginia.

The Plaintiff and his wife received their discharge on September 5, 2017 and the case was closed the same day. ECF Nos. 19, 20. However, based on the evidence at the hearing convened on sanctions, Plaintiff's counsel knew that the funds withheld from the Plaintiff's wages had not been returned either to the male Debtor, Debtors' counsel or to the Chapter 7 Trustee in violation of the Court's order quashing the garnishment.[2] In fact, the legal assistant for Plaintiff's counsel spoke to GMS on August 29, 2017, inquiring as to the return of the funds, just prior to the case being closed. She previously spoke to them on May 25, 2017; July 13, 2017; July 27, 2017; and August 10, 2017. Plaintiff's Exhibit 1. At no point prior to discharge or closure of the case did Plaintiff's counsel take any action before the Court to recover the funds or prevent closure of the

---

[2] Plaintiff's counsel is the same counsel for both Mr. and Mrs. Vanhoozier in their Chapter 7 case.

2

bankruptcy case. Instead, counsel filed a motion to reopen the case on October 23, 2017, paying a reopening fee of $260.00 for which he seeks reimbursement in this case.

Thereafter, on November 21, 2017, counsel filed the instant adversary proceeding against GMS to recover the $1,399.65 withheld from the Plaintiff's wages, paying a separate $350.00 filing fee on behalf of the Plaintiff for which he also seeks reimbursement in this case. The Bankruptcy Court Miscellaneous Fee Schedule, issued in accord with 28 U.S.C. § 1930, provides that the filing fee for an adversary complaint is $350.00, except that "*[t]his fee must not be charged if the debtor is the plaintiff . . . .*"(emphasis added). On February 14, 2018, counsel for the Plaintiff subsequently filed a second lawsuit against Wellmont in connection with the same $1,399.65, this time not for recovery of the funds, but for sanctions and attorney's fees. The garnished funds were paid to the Plaintiff's counsel by Wellmont in December 2017, roughly two months prior to the second lawsuit being filed. Despite the plain language of the Miscellaneous Fee Schedule, another $350.00 filing fee was paid to the Court by counsel on behalf of the same Debtor/Plaintiff as in that case.[3]

In the present case, GMS is in default, and counsel seeks $4,975.00 in attorney's fees and costs as a sanction against GMS. There was no evidence of any actual damage suffered by the Plaintiff, other than the delay in having the garnished funds returned to him.

## CONCLUSIONS OF LAW

This Court has jurisdiction of this matter by virtue of the provisions of 28 U.S.C. §§ 1334(a) and 157(a) and the delegation made to this Court by Order from the District Court on December 6, 1994, and Rule 3 of the Local Rules of the United States District Court for the

---

[3] The Wellmont lawsuit is set for trial on September 6, 2018.

Western District of Virginia.  The Court further concludes that this matter is a "core" bankruptcy proceeding within the mean of 28 U.S.C. § 157(b)(2)(A).

Assuming a willful violation of the stay, and again GMS was served and is in default, for debtors to recover attorney's fees, "such fees must be reasonable and necessary." *In re Miller*, 447 B.R. 425, 434 (Bankr. E.D. Pa. 2011).  In *In re Prusan*, 495 B.R. 203 (Bankr. E.D. N.Y. 2010), the Court explained the caveats in awarding attorney's fees in the context of an automatic stay violation:

> While attorneys' fees and costs are recoverable under § 362(k), the fees and costs must be reasonable and necessary. *In re Robinson*, 228 B.R. 75, 85 (Bankr. E.D. N.Y. 1998). "The policy of section 362[k], to discourage willful violations of the automatic stay, is tempered by a reasonableness standard born of courts' reluctance to foster a 'cottage industry' built around satellite fee litigation." *Id*. (citing *Putnam v. Rymes Heating Oils, Inc. (In re Putnam)*, 167 B.R. 737, 741 (Bankr. D. N.H. 1994)). It is well established that "[r]easonable and necessary fees do not include unnecessary litigation costs." *Id*.; see also *Yarinsky v. Saratoga Springs Plastic Surgery*, *PC* (*In re Saratoga Springs Plastic Surgery*, *PC*), No. 1:03CV896, 2005 WL 357207, at *54 (N.D. N.Y. Feb. 11, 2005), *aff'd*, 172 Fed.Appx. 339 (2d Cir. 2006) ("[A]n 'excessively litigious approach' to violations of the automatic stay that do not cause damages in an[d] of themselves must be guarded against.").

*Id*. at 208.

Presumably, the Plaintiff is seeking recovery pursuant to 11 U.S.C. § 362(k).  The Plaintiff's bare-bones complaint never cites to any law other than a general reference to "§362." ECF No. 1, ¶1.  Plaintiff's Exhibit 1 "Itemized Attorney Fees and Expenses" submitted as evidence in connection with the argument on the issue of sanctions to be imposed on GMS requests an award of $4,975.00 in costs and attorney's fees.  Adversary ECF No. 16.  The time records reflect 16.5 hours of attorney time and 6 hours of paralegal time totaling $4,200.00 in fees and $775.00 in expenses—for a sum of $4,975.00—for the period from May 25, 2017 through June 7, 2018, the date of the hearing.  However, the Court notes that on June 7, 2018, the

4

travel time to court for both the attorney and paralegal was incorrectly included in the attorney's column only. Therefore, the correct time records should reflect 6 hours, plus 2 hours of travel time for the paralegal and 10.5 hours plus 4 hours of travel time for the attorney. Plaintiff's Exhibit 1 was authenticated by Camilla Tatum, a paralegal for Plaintiff's counsel, who testified to keeping contemporaneous time records.

Remarkably, Exhibit 1 reflects that Plaintiff's counsel and his paralegal charge the exact same billing rate: $200.00 an hour. Further, each of them appears to bill in a minimum of 15 minute or .25 hour increments instead of .10 hour increments. Such billing increments generally overstate time expended on "communication type entries: telephone calls, discussions, email and short letters." *See e.g., In re Computer Learning Centers, Inc*. 285 B.R. 191, 218 (Bankr. E.D. Va. 2002). While $200.00 an hour may be a reasonable rate for a debtor's counsel in far southwest Virginia, $200.00 per hour, based on the Court's familiarity and experience, for a legal assistant in such a straightforward matter as this is not. There was no evidence to support an equivalent rate for the paralegal to that of Debtors' counsel at the hearing on damages, and the Court will reduce the paralegal rate to $100.00 per hour. Thus, at $100.00 per hour, the most the paralegal's rate will justify is $750.00.[4]

However, the Court will further reduce the $750.00 in paralegal fees by one-half, in part, due to the billing in quarter hour increments instead of tenth of an hour increments. The Court believes this to be justified on the generally short tasks identified as having been performed in Exhibit 1, such as calling GMS Mine Repair and the Tazewell County General District Court regarding the return of the garnished funds. Moreover, the Court does not have a great deal of confidence in the veracity of Plaintiff's Exhibit 1, as it indicates that counsel and his paralegal on

---

[4] This includes 2 hours of travel time at 75% of the paralegal's hourly rate.

several occasions performed the exact same task on the exact same date. For example, on November 21, 2017, both billed .25 of an hour for the exact same task "Called GMS Mine Repair re: registered agent." On October 23, 2017, each billed a half hour for "Preparation and filing of motion to reopen case to sanction GMS Mine Repair to be held in contempt of the stay and garnishment quash order." In addition, on December 19, 2017, each billed the exact same time for "Call to Tazewell General District Court re: non-receipt of garnished funds, review of response from Tazewell General District Court." *Id.* The fees for the legal assistant will be allowed in the amount of $375.00.

Counsel's fees will be allowed in a limited amount also. Counsel could easily have filed a motion to show cause why GMS should not be held in contempt of the Court's May 22, 2017 Order quashing the garnishment, which instructed GMS what to do with the funds withheld from the Plaintiff's pay, without the necessity of an adversary proceeding. That could have been done, and should have been done, before the case was closed and without the necessity of paying a $260.00 reopening fee.[5] In addition, no filing fee was even due in this adversary proceeding, but Plaintiff's counsel paid it anyway.[6] To the extent these fees were advanced by Plaintiff's counsel, he shall be prohibited from recouping these fees from the Debtors in this case. In the event the Debtors paid him these fees, he is directed to refund such fees to them within 30 days. Plaintiff's counsel's time records reflect that it took him two and a half hours to research and draft the adversary complaint in this matter, which at his hourly rate, would equate to $500.00. This was not a complicated matter. The Complaint consists of five one sentence paragraphs, and

---

[5] To the extent the Plaintiff could reopen the case in connection with his discharge, such as a violation of the discharge injunction, no reopening fee would be due pursuant to the Miscellaneous Bankruptcy Fee Schedule. *See* 28 U.S.C. § 1930.
[6] There is even a prompt in the ECF system when filing that inquires if the plaintiff is the debtor. If the answer is yes, no fee is due.

one two sentence paragraph, and the Court finds $500.00 to be excessive for the work product produced. Counsel will be awarded an hour's worth of fees, $200.00, for what should have been a simple show cause motion. His travel time to and from court is fairly reimbursable for what should have been one court appearance, with travel time billed at 75% of his hourly rate. He will be allowed $300.00 for two hours of travel time, plus one hour of additional work, and $200.00 for his court appearance, for a total fee award based on his efforts of $700.00 ($200.00 + $300.00 + $200.00). When added to his legal assistant's allowed fees, the total amount of fees allowed will be $1,075.00 as a reasonable and necessary attorney's fee. The optics of that number continue to skate on the edge of reasonableness, given the amount at issue, the quality of the work, and the lack of other damages, but the Court notes that GMS has not appeared to contest otherwise. See *Mosher v. Evergreen Mgmt., Inc. (In re Mosher)*, 432 B.R. 472, 477 (Bankr. D. N.H. 2010) ("Considering that there are no other actual damages in this case and the violation concerned approximately $620, the Court finds that [debtor's counsel]'s projected amount of 23.8 hours spent on this case is unreasonable.").

## CONCLUSION

The Plaintiff's request for $4,975.00 in attorney's fees and expenses is denied. The Court will award $1,075.00 as a reasonable attorney's fee as a sanction in this case. Counsel is prohibited from recovering from the Debtors the filing and reopening fees paid in connection with this case. To the extent those fees were paid by either of the Debtors in this case, the fees shall be refunded to them by counsel within 30 days.

A separate Order will be entered contemporaneously herewith.

Decided this 19th day of June, 2018.

                                     /s/ Paul M. Black
                                     UNITED STATES BANKRUPTCY JUDGE

8